19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James O'LEARY, Plaintiff-Appellant,
v.
COUNTY OF SACRAMENTO, Defendant-Appellee.
 No. 93-15767.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On remand from this court, James O'Leary appeals pro se the district court's dismissal of his action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(5). O'Leary alleged that the county seal of Sacramento violates the establishment clause of the First Amendment because it contains the word "sacrament."[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Specifically, in his amended complaint, O'Leary alleged that the County of Sacramento's ("County") use of the "sacred holy name (Sacramento) on their county seals have caused him to suffer anger, shame, fright, humiliation, mental anguish, emotional distress and physical distress," forcing him to "go 'underground' with his Christian religion." The district court found that O'Leary lacked standing to assert his claim because he failed to demonstrate (1) any "direct or personal contact with the County's official seal," or (2) how he is personally affected by the County's use of the name "Sacramento."
 
 
 4
 We review de novo the district court's holding regarding standing. Resources Ltd. v. Robertson, 8 F.3d 1394, 1397 (9th Cir.1993).
 
 
 5
 "The federal courts lack power to make a decision unless the plaintiff has suffered an injury in fact, traceable to the challenged action, and likely to be redressed by a favorable decision." Snake River Farmers' Assoc. v. Department of Labor, 9 F.3d 792, 795 (9th Cir.1993). The party seeking to invoke federal jurisdiction bears the burden of alleging facts sufficient to establish standing. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). "[T]he irreducible constitutional minimum of standing contains three elements:" (1) injury in fact; (2) causation; and (3) redressability. Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). An injury in fact is "an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. (quotations omitted). Causation requires that the injury be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Id. (quotation omitted).
 
 
 6
 Here, although O'Leary alleges that he has suffered injuries due to the County's use of the name "Sacramento," he fails to allege any facts demonstrating causation. O'Leary does not allege any specific contact with the County's seal or precisely how the County's use of its seal has caused him to "go underground" with the practice of his religion or to suffer physical and emotional distress. See id.; Snake River Farmers, 9 F.3d at 795-98. Accordingly, the district court did not err by dismissing O'Leary's action for lack of standing.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, O'Leary's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court initially dismissed O'Leary's action for failure to state a claim pursuant to Rule 12(b)(6). The court addressed the merits of O'Leary's constitutional challenge to County's use of the name "Sacramento" in its official seal. On appeal, this court reversed the district court's decision and remanded the case, holding that the district court erred by deciding constitutional issues before determining whether (1) O'Leary had standing to raise his claim, and (2) the district court had jurisdiction over the County in light of the alleged insufficient service of process
 
 
 [2]
 Because we hold that the district court properly dismissed O'Leary's action for lack of standing, we do not address the court's dismissal on the alternative ground of insufficiency of service of process